## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**MARK JABER,**

      Plaintiff,

v.                                  **Civil Action No. 5:20-CV-133**
                                         Judge Bailey

**CITY OF WHEELING WEST VIRGINIA,
ROSEMARY HUMWAY-WARMUTH,
HOWARD KLATT, TOM WILSON,
JOHN DOE, 1-10,**

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

Pending before this Court is Defendants' Motion to Dismiss [Doc. 6], filed July 16, 2020. The Motion is fully briefed and is ripe for decision. For the reasons that follow, the Court will grant the Motion.

## BACKGROUND

As alleged in the Complaint, this case arises out of disputes over properties owned by plaintiff. Plaintiff alleges that "numerous misrepresentations / false representation and breaches of agreement made by Defendants result[ed] in the Plaintiffs continued inability to obtain the necessary licensing and permitting to operate their business and properties." [Doc. 1 at 1]. According to the Complaint, plaintiff was given a "raze and repair order" on one of his properties, a hotel, and a summons to appear in municipal court; he alleges that he negotiated with defendant Warmuth to plead no contest and in exchange "the judge would fine him $500 and void the fine once the repairs were completed." [Id. at 3]. After

1

pleading no contest, he was fined $10,000 but "the judge said he would void the $10,000 fee if [plaintiff] open[ed] the restaurant and dismiss the case." [Id.]. The Complaint likewise alleges he received a "raze and repair order" on a second property, a single family house. Plaintiff contends that defendants have made it difficult to get the necessary permits to complete required repairs on the house. [Id.]. Plaintiff alleges that through a long process of making repairs, defendants have continually changed their position or required new repairs "resulting in an endless cycle of processing for the Plaintiff due to the baseless and erroneous whims of" the defendants. [Id. at 5]. Plaintiff contends that defendants actions "have resulted in the deprivation of the Plaintiff's constitutional rights to be free from unnecessary and unreasonable deprivation of life - liberty - and / or property without the due process of law." [Id. at 6]. Plaintiff brings several causes of action. First, plaintiff brings a claim of deprivation of rights pursuant to 42 U.S.C. § 1983. [Id. at 7]. Second, for fraud, alleging various misrepresentations by city officials. [Id. at 9]. Third, plaintiff alleges gross negligence, citing the misrepresentations as violating a duty to dilligently process plaintiff's case truthfully. [Id. at 10]. Finally, plaintiff asserts a claim for breach of contract, citing defendants' alleged promise for a reinstatement of plaintiff's permit for the hotel property. [Id. at 11]. For relief, plaintiff asks for unspecified damages and injunctive relief. [Id. at 12].

On July 16, 2020, defendants filed their motion to dismiss [Doc. 6]. In their memorandum in support, defendants raise several arguments in favor of dismissal. First, defendants argue that plaintiff has not asserted a cognizable 1983 claim because he has not alleged an actionable procedural or substantive due process claim. [Doc. 7 at 5–10]. They argue that plaintiff's only asserted interests are in the issuance of permits, which are

not a constitutionally protected property interest. [Id. at 10–12]. Second, defendants argue the three other claims should be dismissed because the City of Wheeling and its employees are immune to such claims under W.Va. Code § 29-12-5(a)(9). [Id. at 13]. Further, they argue that the city employees have qualified immunity from plaintiff's constitutional claims and, as to defendants Humway and Wilson, absolute immunity under the litigation privilege. [Id. at 16–18].

The plaintiff filed a response on August 5, 2020. Therein, plaintiff asserts that he has a constitutional claim and has been deprived of a property interest; further, he states that to the extent W.Va. Code § 29-12A-5(a)(9) bars his claims, that statute violates the Fourteenth Amendment. [Doc. 8 at 3]. Defendants further filed a reply [Doc. 9] on August 12, 2020.

On August 25, 2020, plaintiff filed a sur-reply without seeking leave of court to do so. [Doc. 10]. On August 31, 2020, defendants filed a Motion to Strike [Doc. 11], arguing that plaintiff's sur-reply should be stricken for failing to comply with the Local Rules and because they contend their reply did not offer any new arguments which would warrant a sur-reply.

## **LEGAL STANDARD**

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (applying the *Twombly* standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the

Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396–97.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

4

## ANALYSIS

Section 1983 allows for a plaintiff to assert a claim against any "person" who, acting under color of state law, "depriv[ed] [another] of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Challenges under the Due Process Clause of the Fourteenth Amendment can be procedural or substantive. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Substantive due process protection bars certain wrongful government actions "regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). In a § 1983 action for violation of procedural due process, on the other hand, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (citations omitted).

Generally, "federal courts should refrain from interfering in local land use matters;" the Fourth Circuit has held:

> Resolving the routine land-use disputes that inevitably and constantly arise among developers, local residents, and municipal officials is simply not the

5

business of the federal courts. There is no sanction for casual federal intervention into what has always been an intensely local area of the law ... Federal judges lack the knowledge of and sensitivity to local conditions necessary to a proper balancing of the complex factors that are inherent in municipal land-use decisions. Further, allowing every allegedly arbitrary denial by a town or city of a local license or permit to be challenged under Section 1983 would swell [ ] our already overburdened federal system beyond capacity. Accordingly, federal courts should be extremely reluctant to upset the delicate political balance at play in local land-use disputes. Section 1983 does not empower us to sit as a super-planning commission or a zoning board of appeals, and it does not constitutionalize every run of the mill dispute between a developer and a town planning agency. In most instances, therefore, decisions regarding the application of subdivision regulations, zoning ordinances, and other local land-use controls properly rest with the community that is ultimately—and intimately—affected.

*Pennington v. Teufel*, 396 F. Supp. 2d 715, 720 (N.D. W.Va. 2005) (Broadwater, J.), aff'd sub nom. *Pennington v. Tuefel*, 169 F. App'x 161 (4th Cir. 2006) (quoting *Gardner v. City of Baltimore Mayor & City Council*, 969 F.2d 63, 67–68 (4th Cir. 1992)).

Here, plaintiff has not alleged a legitimate property interest of which he was deprived. Plaintiff bases his due process argument on two alleged deprivations: first, the defendants reneging on a plea deal and refusing to dismiss a case involving fees on his

property; and second, defendants refusing to issue plaintiff a building permit. Plaintiff asserts that his claims are based in both substantive and procedural due process.

## I. Plaintiff does not state a constitutional claim for violation of substantive due process.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). In the context of the issuance or denial of a permit, such an interest exists when "the local agency lacks *all* discretion to deny issuance of the permit or to withhold its approval. Any significant discretion conferred upon the local agency defeats the claim of a property interest." *Gardner* 969 F.2d at 68 (4th Cir. 1992). Indeed, as this Court has previously held, "[*Gardner*] forecloses *any* argument that the plaintiff has a claim of entitlement on which to base a substantive due process claim." *Struna v. Shepherdstown Planning Comm'n*, No. 3:09-CV-77, 2011 WL 862167, at *5 (N.D. W.Va. Mar. 9, 2011) (Bailey, J.). In *Struna*, plaintiff challenged the Shepherdstown Planning Commission's allegedly unlawful denial of an application for a building permit. This Court found that, because the ordinance creating the Planning Commission gave it broad discretion to grant or deny the type of permit at issue, the plaintiff had no claim of entitlement. *Struna*, No. 3:09-CV-77, 2011 WL 862167, at *6–7.

Here, the section of the city Charter authorizing the City Council to pass ordinances for zoning regulations gives the Council broad discretion: Consistent with W.Va. Code § 8A-2-11,

7

> Council may provide by ordinance for the enforcement of this section, or of any ordinance or regulations made thereunder. The violation of any such ordinances or regulations adopted or made, is hereby declared to be a misdemeanor, and Council may provide for the punishment by fine for any violation thereof.

Charter of the City of Wheeling, West Virginia, § 32 – Zoning regulations and enforcement thereof (1992). Accordingly, the Court finds that the city has at least some discretion in the issuance of fines and permits and, as such, plaintiff does not have a claim of entitlement in regard to either the alleged deal to dismiss the fees in his case or to the issuance of a building permit.

Further, even if plaintiff had a legitimate claim of entitlement in regard to the alleged plea deal, this Court finds that plaintiff has not alleged that the defendants actually reneged on said deal. According to the Complaint, the negotiated deal was that "if [plaintiff] changes his plea to no contest the judge would fine him $500 and void the fine *once the repairs were completed.*" [Doc. 1 at 3] (emphasis added). Likewise, he alleges that the fines actually imposed by the judge were $10,000, which the judge would void and dismiss the case if plaintiff opened the restaurant at the building. [Id.]. Although plaintiff claims that the repairs requested by the city are unreasonable, he does not allege that he has actually completed the repairs or opened the building.

## II. Plaintiff does not state a constitutional claim for violation of procedural due process.

Plaintiff repeatedly asserts that his challenge is to both substantive and procedural due process. Plaintiff bases his procedural due process challenge on the defendants'

conduct in "swindl[ing] the Plaintiff with falsities and misrepresentations" when he negotiated his plea and "taking away their opportunity to proceed as they were entitled to." [Doc. 8-1 at 4]. This Court agrees with defendants that "[e]ssentially, Plaintiff's 'procedural' due process claim is the same as his 'substantive' due process claim – he was denied his day in court because he agreed to a plea deal." [Doc. 9 at 7].

Assuming, *arguendo*, that plaintiff had a vested property interest and was deprived of it, the Complaint does not state a claim that the procedures afforded to him were constitutionally inadequate. Generally, the procedures due in cases such as this are minimal. See ***Tri Cty. Paving, Inc. v. Ashe Cty.***, 281 F.3d 430, 436 (4th Cir. 2002) ("The procedures due in zoning cases, and by analogy due in cases . . . involving regulation of land use through general police powers, are not extensive. For example, the Supreme Court held in ***City of Eastlake v. Forest City Enterprises, Inc.***, 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976), that a local government could, consistent with the Due Process Clause, make zoning decisions through the political process in a referendum with no hearings of any kind.") (emphasis added); ***Rockville Cars, LLC v. City of Rockville, Maryland***, No. CV PJM 15-3375, 2017 WL 57215, at *8 (D. Md. Jan. 4, 2017), aff'd, 891 F.3d 141 (4th Cir. 2018) ("In the present case, because the alleged deprivation of Plaintiffs' supposed property interest concerned the regulation of land use, the suspension required only a minimal amount of process."). Here, despite plaintiff's assertion that the City "failed to provide the Plaintiff the opportunity to contest their matters originally" [Doc. 8-1 at 4], it is undisputed that plaintiff had an opportunity to contest the "raze and repair order" and chose to negotiate a plea of no contest. That the municipal court judge then imposed a

fine higher than plaintiff anticipated, or indeed higher than expected by the city solicitor, is not a valid basis for claiming plaintiff was deprived of due process.

### III. Defendants are immune from plaintiff's state law claims.

Plaintiff's state law claims for fraudulent representation, gross negligence, and breach of contract are barred by W.Va. Code § 29-12A-5(a)(9). Under the statute, "A political subdivision is immune from liability if a loss or claim results from . . . (9) [l]icensing powers or functions including, but not limited to, the issuance, denial, suspension or revocation of or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, or order or similar authority." W.Va. Code § 29-12A-5(a)(9). "Immunities under West Virginia law are more than a defense to a suit in that they grant governmental bodies and public officials the right not to be subject to the burden of trial at all." *Hutchison v. City of Huntington*, 198 W. Va. 139, 148, 479 S.E.2d 649, 658 (1996). The immunity under W.Va. Code § 29-12A-5(a)(9) extends "regardless of whether such loss or claim is caused by the negligent performance of acts by the political subdivision's employees while acting within the scope of employment." *Hose v. Berkeley County Planning Com'n*, 194 W.Va. 515, 460 S.E.2d 761, Syl. Pt. 4 (1995).

Here, the alleged actions of defendants clearly fall within the scope of the immunity; plaintiff is challenging defendants' refusal to issue a permit and drop the fees on his property. Although plaintiff characterizes defendants' behavior in several ways–as fraudulent, negligent, or in breach of a contract, the conduct challenged in all of these claims is the same–that defendants did not issue building permits. Accordingly, the state

law claims are barred by the immunity provided by W.Va. Code § 29-12A-5(a)(9) and must be dismissed.

## CONCLUSION

Upon consideration of the above, Defendants' Motion to Dismiss **[Doc. 6]** is hereby **GRANTED**. Further, the Defendants' Motion to Strike Plaintiff's Sur-Reply **[Doc. 11]** is hereby **DENIED AS MOOT**. It is **ORDERED** that this civil action be, and the same is hereby, **DISMISSED WITH PREJUDICE** and retired from the docket of this Court. The Court hereby **DIRECTS** the Clerk to **STRIKE** this matter from the active docket of this Court and to enter judgment in favor of the defendants.

The Clerk is directed to transmit true copies of this order to the *pro se* plaintiff and all counsel of record.

It is so **ORDERED**.

**DATED**: September **23**, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE